In the Matter of WILLIAM A. HAMM, Appellant, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, January 11, 1963.

*Edward G. O'Neill* (*Normington Schofield* and *William H. Pearse* of counsel), for appellant.

*Charles A. Brind* (*Elizabeth M. Eastman, John P. Jehu* and *George B. Farrington* of counsel), for Commissioner of Education, respondent.

GIBSON, J. Appeal is taken from an order of the Supreme Court which dismissed the petition in a proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Education which dismissed petitioner's appeal to said Commissioner from the decision of the Board of Education of the City School District of the City of Beacon removing petitioner from his position of 23 years' standing as Director of Physical Education upon finding sustained the board's charges that at " a gambling room " in Beacon, he and others were arrested during a raid, and that at a magistrate's court held on the premises he entered a plea of guilty of disorderly conduct in violation of section 722 of the Penal Law, for which he was fined $10, the Board of Education's charges concluding with the averment that these acts were " in violation of Section 3013-2a [*sic*] of the Education Law ".

Upon a *coram nobis* application, the judgment of conviction was vacated. The unusual circumstances surrounding petitioner's supposed arrest, arraignment and plea are detailed in the opinion. (*People* v. *Hamm,* 9 N Y 2d 5.)

The charge by the Board of Education was preferred under subdivision 2 of section 3013 of the Education Law which permits removal of those on tenure for, among other things, " (a) Insub-

ordination, immoral character or conduct unbecoming a teacher ", and the board's decision did, in fact, find not only that petitioner's conduct was " unbecoming a teacher " but that it was, also, " of an immoral character ". It is clear that the board's charge was limited to the supposed fact of petitioner's conviction; the board's findings refer to the charge as petitioner's " arrest, conviction and judgment "; and the board's answer upon the appeal to the Commissioner alleged that such conviction was " the basis of the charges ". Thus, the vacatur of the purported conviction removed the sole basis for petitioner's dismissal. Counsel for respondent Commissioner apparently feels that this judicial action may be in some way disregarded, arguing that there was involved merely a fault in the " technical draftsmanship " of the information; but this contention runs directly counter to the plain holding of the Court of Appeals (p. 11) that the requirement of law which the State Trooper and the Magistrate ignored " ' is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing as well as a rule of law ' ". In his brief, counsel further urges that the " Board and the Commissioner were bound to consider not solely the allegation of conviction, but the whole picture of petitioner-appellant's conduct in this episode ", thus overlooking the fundamental and elementary principle that prosecution and review alike are limited to the charge which the board specified and upon which it acted.

The order should be reversed, on the law and the facts, and the determinations annulled, with $50 costs.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order reversed, on the law and the facts, and determinations annulled, with $50 costs. Settle order.